IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:08-cr-96-P |
| ELLEN CHEN YEH, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING APPLICATION TO
MODIFY RELEASE CONDITIONS TO PERMIT DEFENDANT
ELLEN CHEN YEH TO TRAVEL TO CHINA**

Defendant Ellen Chen Yeh has filed an Application to Modify Release Conditions to Permit Defendant Ellen Chen Yeh to Travel to China, *see* Dkt. No. 19, which Judge Solis has referred to the undersigned magistrate judge for determination, *see* Dkt. No. 21. The undersigned held a hearing on the motion on December 12, 2013, with counsel for Defendant and the government appearing. *See* Dkt. No. 26. Based on the parties' submissions and the arguments and proffers made at the hearing, and for the reasons explained herein, Defendant's application [Dkt. No. 19] is DENIED.

**Background**

Defendant was employed at Texas Instruments, Inc. ("TI") until March 2005 and worked at the company's headquarters in the Northern District of Texas. Several weeks after leaving TI, Defendant and her family left the United States and moved to Shanghai, China, where Defendant and her husband took employment. On March 23, 2005, as Defendant and her family were preparing to board a flight to Shanghai, the Federal Bureau of Investigation executed federal warrants authorizing the search of

-1-

the Chens' luggage, carry-ons, and household goods for evidence that Defendant had misappropriated TI's trade secrets, in violation of 18 U.S.C. § 1832. During the search, agents interviewed Defendant and seized several digital devices.

On April 8, 2008, a grand jury sitting in the Northern District of Texas returned a ten-count indictment against Defendant, charging her with three counts of knowingly stealing and misappropriating TI trade secrets in violation of 18 U.S.C. § 1832(a)(1) and (a)(4); three counts of knowingly and without authorization copying, downloading, uploading, and replicating TI trade secrets, in violation of 18 U.S.C. § 1832(a)(2) and (a)(4); two counts of knowingly and without authorization accessing a protected computer with intent to defraud, in violation of 18 U.S.C. § 1030(a)(4); and a forfeiture allegation. The indictment and ensuing arrest warrant were sealed. *See* Dkt. No. 1.

In March 2012, at the government's request, the Court ordered the indictment unsealed. *See* Dkt. No. 5. Shortly thereafter, the government applied to Interpol to issue a "Red Notice," an alert communicated to all Interpol member countries that the Notice's target is wanted by a member country and requesting that any member country that comes into contact with the target place the target under provisional arrest pending extradition. In or around October 2012, Interpol issued the Red Notice. In April 2013, Defendant was denied entry into South Korea based on the Red Notice.

The following month, May 2013, Defendant, through her present counsel, contacted the government's counsel to state her intention to return to the United States to address the outstanding charges against her. On August 26, 2013, Defendant returned to the United States, entering the country through San Francisco

International Airport.

Later that day, Defendant had an initial appearance before a United States Magistrate Judge in the Northern District of California. That court released Defendant pending trial, subject to several terms and conditions that the government and Defendant had agreed were acceptable. *See* Dkt. No. 6. Those terms and conditions included Defendant's surrendering her passport; submitting to pretrial supervision; remaining in the third-party custody of her parents, who live in a suburb of Atlanta, Georgia; limiting her travel to the Northern District of California, the Northern District of Georgia, and the Northern District of Texas; and posting a $200,000 unsecured bond. *See id.* Defendant is being supervised by Pretrial Services in the Northern District of Georgia, the federal district in which her parents reside.

Defendant now requests that the Court modify the conditions of her pretrial release to permit her to travel to China from December 27, 2013 through February 9, 2014, which would allow her to spend her daughters' birthday and a majority of the Chinese New Year with her family and return in time for trial, which is scheduled to begin on March 3, 2014. *See* Dkt. No. 19; Dkt. No. 25.

**Legal Standards and Analysis**

18 U.S.C. § 3142(c) requires a court to impose the least restrictive combination of conditions that the court determines will reasonably assure Defendant's appearance as required and the safety of any other person and the community. The conditions that the Court in the Northern District of California imposed for Defendant's release quite clearly are designed to reasonably assure her appearance in the Northern District of

-3-

Texas as required by restricting Defendant from leaving the country and returning to China, a country that has no extradition treaty with the United States.

18 U.S.C. § 3142(c)(3) provides that the Court "may at any time amend the order to impose additional or different conditions of release." This provision is the legal basis for Defendant's application.

The factual bases for her application are that Defendant's husband and three children continue to reside in Shanghai; Defendant's son just turned 16, and her twin daughters will turn 13 on January 28, 2014; Defendant has not seen her family since she arrived in the United States this August; Defendant has never spent the holidays away from her family; and Defendant has complied with all conditions of her pretrial release and is in good standing with Pretrial Services. *See* Dkt. No. 19; Dkt. No. 25. Defendant's counsel further proffers that Defendant's supervising Pretrial Services Officer in the Northern District of Georgia has no objection to Defendant's request that she be permitted to travel to China to visit her family for the holidays and to celebrate her twin daughters' thirteenth birthday, based on the facts that Defendant has been very compliant with Pretrial Services, that Defendant is a low risk based on the pretrial risk assessment performed at this case's outset, and that Defendant voluntarily returned to the United States to face the charges in this case. *See* Dkt. No. 19. Defendant's counsel further notes that Defendant "voluntarily surrendered to the jurisdiction of this Court in August to answer the charges in this case, and, although it has certainly been difficult being away from her husband and three children for the past four months, there has been no material change in the circumstances of this case

that has altered her eagerness to submit herself to the jurisdiction of the Court and resolve this case." Dkt. No. 25 at 3.

Defendant's application reports that she is amendable to additional conditions that this Court may consider reasonable and necessary to ensure Defendant's return. In a supplemental memorandum filed at the Court's direction, Defendant's counsel suggests that the following additional conditions of pretrial release may be appropriate if the Court determines that additional conditions are necessary to ensure Defendant's return from China: (1) increasing the amount of Defendant's unsecured bond, perhaps to $500,000, to guarantee Defendant's future appearance in court; (2) requiring Defendant's family to secure Defendant's current unsecured (signature) bond or to supplement the unsecured bond with real property, of which there are three properties owned without encumbrances for which Defendant's family could lodge title deeds with the Court; and (3) requiring Defendant to check in regularly with her supervising Pretrial Services Officer while Defendant is in China. *See* Dkt. No. 25.

The Court appreciates that Defendant has been compliant with her conditions of pretrial release, that Defendant's family is willing to secure Defendant's unsecured bond or put their real property at risk, and that Defendant's supervising Pretrial Services Officer has no objection to Defendant's requested travel. But, while the Court may at any time amend the order setting conditions of release to impose different conditions, the Court's required analysis still focuses on ascertaining the least restrictive condition or combination of conditions that will reasonably assure Defendant's appearance as required. And the Court determines that the current

conditions imposed on Defendant remain the least restrictive combination of conditions that will reasonably assure Defendant's appearance as required and that adding a condition allowing Defendant to travel to China for over a month – even with the additional conditions that defense counsel has suggested – would be inconsistent with keeping Defendant on pretrial release on conditions designed to reasonably assure her appearance as required.

Defendant's counsel argues that there has been no material change in this case's circumstances that has altered Defendant's eagerness to submit herself to the Court's jurisdiction and resolve this case. At the hearing, there was some disagreement between defense counsel and the government's counsel regarding whether Defendant may now believe that she is facing a more severe possible sentence than when she returned to the United States this past August. But, regardless, while presumably motivated by the same eagerness to submit herself to this Court's jurisdiction and resolve this case, Defendant agreed with the government to her current conditions of release at the time that she returned in August to face her charges. At that time Defendant should have been able to foresee that, if the case continued for up to four months (or if she was convicted and sentenced in that time frame), she could be away from her husband and children for the holidays, unless they came to visit her in the United States. Indeed, defense counsel represented at the hearing that, at the time that Defendant surrendered this August, Defendant had no expectation, or agreement with the government, that she would be released pending trial or that the case might be resolved in a matter of a few months with a possible plea agreement for probation.

At the same time, there has been no change, material or otherwise, in the circumstances that are relevant to determining the least restrictive combination of conditions that will reasonably assure Defendant's appearance as required. The Court finds no change – and certainly no decrease – in the risk that, if allowed to leave the country, Defendant might stay in China to avoid a possible conviction and sentence to be imposed and served in this country. If posting a greater unsecured bond, requiring constant contact by telephone or email with Pretrial Services, or even putting family members' real property or funds at risk were sufficient to reasonably assure Defendant's appearance as required in the face of that risk, there would have been no reason to require Defendant to surrender her passport; to require that Defendant remain in the third-party custody of her parents, who live in a suburb of Atlanta, Georgia; or to limit Defendant's travel to the Northern District of Georgia, the Northern District of Texas, and the Northern District of California. But, based on an agreement between the government and Defendant's counsel, the Court in the Northern District of California did impose those conditions.

And this Court determines that all of the current conditions – including surrendering Defendant's passport, Defendant's third-party custody with Defendant's parents in Georgia, and Defendant's current travel restrictions – must be included for Defendant's conditions of release to constitute the least restrictive combination of conditions that will reasonably assure Defendant's appearance as required, narrowly tailored, as they are, to address the risk of nonappearance that Defendant presents. The Court further finds that the fact that Defendant has been compliant with her

current conditions of release – that is, that she has not, for example, traveled to China without the Court's authorization – does not support a determination that the Court should, four months into her pretrial release, impose less restrictive travel conditions, particularly allowing travel outside this country.

The Court notes that the issue here is not whether to detain Defendant; Defendant remains on release, with conditions, and so the same basic liberty interest that is involved in a decision on a motion for detention is not at issue here. Rather, the issue facing the Court on Defendant's application is whether to add a condition allowing Defendant to leave the country and travel to a country from which the Court cannot be reasonably assured of Defendant's involuntary return, if necessary. As the government's counsel admits, there is no evidence before the Court that Defendant actually intends to flee or fail to return if she is allowed to travel to China. But, because Defendant is not facing pretrial detention, the issue here is not even whether there is a serious risk of flight but rather what is the least restrictive combination of conditions that will reasonably assure Defendant's appearance as required. And the Court finds that permitted travel to China cannot be made a part of any combination of conditions that will 'reasonably assure Defendant's appearance as required.

In support of this determination, the Court notes that Defendant's immediate family remains in China – indeed, that is the very reason for the instant application – and, if Defendant returns to China, the Court has no reasonable assurance of effecting Defendant's return to this jurisdiction for further proceedings in this case, other than through her voluntary compliance, as the factual background of this case

to date itself reflects. The Court also notes that, if it admittedly has been difficult for Defendant being away from her husband and three children for the past four months, that difficulty cannot be expected to diminish with the passage of time, and, facing the possibility of conviction at trial and some sentence of imprisonment, that fact cannot be lost on Defendant. While the Court has no evidence that Defendant actually intends to stay in China if allowed to travel there, the likelihood of flight for any defendant who is facing any possibility of a prison sentence would substantially increase if she is allowed to travel to a foreign country, particularly one in which her husband and children reside and with which the United States has no extradition treaty. In the face of these facts, the Court cannot be reasonably assured of Defendant's appearance in this district as required if she is allowed to travel to China.

With regard to the additional conditions that defense counsel suggests, the Court finds that requiring Defendant to contact her supervising Pretrial Services Officer while in China would not change this determination. As to that possible additional condition, given the risk with which the Court is concerned, Defendant could dutifully contact Pretrial Services from China right up to (or even after) – whatever Defendant's present intentions – choosing not to board a return flight to the United States, very possibly without any real consequence. Here, the Court's concern if Defendant is allowed to travel as she requests is not necessarily, or at least not primarily, that the Court will not know where to find her – the primary concern is that the Court has no reasonable assurance of effecting Defendant's involuntary return, if necessary, from her family's home in Shanghai.

The Court also determines that increasing the amount of, or securing or supplementing, Defendant's unsecured bond does not materially change the determination that the Court cannot be reasonably assured of Defendant's appearance in this district as required if she is allowed to travel to China. To be sure, as the government's counsel conceded at the hearing, Defendant's family members' offer to put up their properties – the validity of which the government did not contest and this Court has seen no reason to doubt – involves a substantial amount of real estate value (by defense counsel's estimation, approximately $810,000) and apparent financial and personal risk to Defendant's family members. Defendant would necessarily be aware of the risk of loss to Defendant's extended family members if she failed to return after they put up their real property or other funds as security for Defendant's bond. And this is a condition that the Court would require if it believed it could, consistent with 18 U.S.C. § 3142(c), allow Defendant to travel to China.

But the Court finds that even this offered, additional condition would not give the Court sufficient, reasonable assurance of Defendant's return and appearance as required based on all the factual circumstances presented here. Those circumstances include that fact that, while the property or funds that would be put at risk would be Defendant's close family member's, none of the real property in the United States or funds that are being offered are Defendant's. Even fully crediting the sincerity of Defendant's family members' offers to put up their property or funds and the proffered serious risk that this would pose for them, the Court finds that this condition, in combination with any others, cannot reasonably assure the Court of Defendant's return

-10-

and appearance as required if she were allowed to travel to China.

In this regard, it is relevant to this analysis of the relative, overall restriction imposed by a combination of possible conditions of release that the interest that Defendant is pressing (spending time with her children at the holidays), understandable as it is, could be accommodated with Defendant's current conditions of release. Having her husband and children travel to the United States would, according to defense counsel's proffer regarding the children's school schedules, involve a shorter visit from her family to the United States and difficult logistics in, at the least, coordinating Defendant's son's travel from a boarding school in Singapore. But, because of that possible accommodation of Defendant's interest in seeing her family, the Court finds that the current conditions imposed on Defendant are the <u>least restrictive</u> combination of conditions that will reasonably assure Defendant's appearance as required.

## Conclusion

The Application to Modify Release Conditions to Permit Defendant Ellen Chen Yeh to Travel to China [Dkt. No. 19] is DENIED.

SO ORDERED.

DATED: December 13, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE